UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL MCDUFFIE, <br><br> Plaintiff, <br><br> v. <br><br> SERGEANT JOHN LONEY; U.S. BANK NATIONAL ASSOCIATION, <br><br> Defendants. | No. 16 C 8860 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Daniel McDuffie alleges that Chicago Police Sergeant John Loney violated his Fourth Amendment rights by forcing him to vacate a house he was renovating at 10655 South Sangamon Street in Chicago. R. 44. U.S. Bank has been in proceedings to evict McDuffie from the Sangamon house. Based on these proceedings, McDuffie has also brought a state law abuse of process claim against U.S. Bank. Both defendants have moved to dismiss for failure to state a claim. R. 45; R. 50. U.S. Bank has also filed a counterclaim against McDuffie for civil and criminal trespass, seeking (among other relief) a declaratory judgment that it owns the Sangamon house. *See* R. 54. U.S. Bank has moved for summary judgment on those claims. R. 63. For the following reasons, Sergeant Loney's motion to dismiss is denied, U.S. Bank's motion to dismiss is granted, and since the claim against U.S. Bank is dismissed, the Court declines to exercise jurisdiction over U.S. Bank's counterclaims, and U.S. Bank's motion for summary judgment is denied as moot.

**Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Background**

McDuffie alleges that he performed renovations on the Sangamon house for the former owner. McDuffie alleges further that when the former owner couldn't

pay for the renovations in 2014, he quitclaimed the Sangamon house to McDuffie. McDuffie continued to put money into renovating the house.

U.S. Bank filed a foreclosure action on the Sangamon house in state court in 2016. On March 10, 2016, U.S. Bank obtained an order of possession. *See* R. 50-1. McDuffie was a participant in those proceedings. *See* R. 36.

On June 24, 2016, individuals arrived to "board up" the Sangamon house on the authority of the order of possession obtained by U.S. Bank, and demanded that McDuffie and the workers assisting him vacate the property. McDuffie refused and called the police. Eventually Sergeant Loney arrived and examined both the order of possession and McDuffie's quitclaim deed. Sergeant Loney determined that McDuffie did not have a right to be on the property and ordered him to leave within two hours or face arrest. McDuffie asked for more time in order to be able to remove all his equipment, which Sergeant Loney denied. Sergeant Loney left other officers to ensure that McDuffie complied with his order. McDuffie was not able to remove all of his equipment within the two hour time limit.

U.S. Bank filed a counterclaim in this case seeking a declaratory judgment "prohibit[ing] McDuffie from continuing to interfere with U.S. Bank's exclusive right to possession and ownership" of the Sangamon house. In its counterclaim, U.S. Bank alleges that McDuffie continues to enter the Sangamon house and to lease it to other people.

Analysis

I.  **Claims against Sergeant Loney**

McDuffie claims that Sergeant Loney violated his Fifth Amendment right to be free of deprivation of his property without due process. That right, however, applies only against the federal government, not state actors like Sergeant Loney. *See Arce v. Chi. Trans. Auth.*, 2015 WL 3504860, at *8 (N.D. Ill. June 2, 2015) (citing *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8-9 (1st Cir. 2007)).

As Sergeant Loney recognizes, and McDuffie agrees, his claims are better analyzed under the Fourth Amendment's prohibition against unreasonable seizures, which restricts the conduct of state actors like Sergeant Loney. McDuffie alleges that Sergeant Loney unreasonably seized the equipment he had in the Sangamon house when Sergeant Loney ordered him to leave without giving him enough time to remove the equipment.

For purposes of the Fourth Amendment, a "seizure" of property "occurs when there is some meaningful interference with an individual's possessory interests in the property." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992). McDuffie's alleges that Sergeant Loney's refusal to allow McDuffie sufficient time to retrieve his equipment prevented him from maintaining possession of his equipment. These allegations sufficiently allege a seizure. *See Cantele v. City of Burbank*, 2016 WL 8711498, at *9 (N.D. Ill. May 13, 2016) ("It was, in short, clearly established at the time of the events at issue in this case that evicting someone from their home without a

warrant or other court authorization constitutes a Fourth Amendment seizure."); *Hebert v. Reynolds*, 2009 WL 3010510, at *6 (N.D. Ind. Sept. 15, 2009) (noting that the plaintiff had waived a possible claim of seizure of his property when he was ordered to leave his house).

Sergeant Loney cites the Seventh Circuit's decision in *Zappa v. Gonzalez* to argue that a mere threat of arrest, without physical action, is insufficient to allege that he participated in a seizure. *See* R. 45 at 12-13 (citing 819 F.3d 1002, 1006 (7th Cir. 2016)). In *Zappa*, the plaintiffs bought a motorcycle, but unbeknownst to them, the defendant store gave them a more expensive model rather than the one they actually purchased. When the store realized its error, it called the police. The police called the plaintiffs and threatened arrest unless they returned the motorcycle to the store.

In *Zappa*, the threat of arrest did not constitute a seizure because it did not serve to separate the plaintiffs from their property. 819 F.3d at 1006 ("the Fourth Amendment governs property seizures when there is 'some meaningful interference with an individual's possessory interests' in the property.' Here, no such interference occurred. No one ever took the 2004 motorcycle from [the plaintiffs] . . . ."). By contrast, here Sergeant Loney's threat of arrest prevented McDuffie from reentering the Sangamon house to finish retrieving his equipment after the two hours were up. *See Hensley v. Gassman,* 693 F.3d 681, 690 (6th Cir. 2012) ("A police officer's arrival and close association with the creditor during the repossession may signal to the debtor that the weight of the state is behind the repossession and that

5

the debtor should not interfere by objecting."). Sergeant Loney's threat and order for other officers to remain on the scene to enforce that threat, resulting in McDuffie's inability to maintain possession of his equipment, constitutes meaningful interference with his possessory interests, i.e., a Fourth Amendment seizure.

McDuffie also must allege that the seizure was unreasonable. McDuffie's allegation that the two hour limit was insufficient to enable him to remove his equipment plausibly alleges that the seizure was unreasonable.[1]

The Court also questions the reasonableness of Sergeant Loney's reliance on the order of possession. Illinois law clearly gives the County Sheriff the authority to enforce such orders. *See* 55 ILCS 5/3-6019 ("Sheriffs shall serve and execute, within their respective counties, and return all warrants, process, orders and judgments of every description that may be legally directed or delivered to them."). It is unclear, however, whether a Chicago Police officer like Sergeant Loney has such authority. *See Kernats v. O'Sullivan*, 35 F.3d 1171, 1173 n.3 (7th Cir. 1994) ("At all times relevant to the events detailed in the complaint, [55 ILCS 5/3-6019] delegated the duty of enforcing and executing judgments of the Circuit Court of Cook County to the Sheriff of Cook County. No provision of Illinois state law permitted local police departments to enforce forcible entry and detainer judgments."). And even if police

---

[1] The Court acknowledges the Seventh Circuit's holding that a plaintiff who has notice that "his continued occupancy [of a property] [has] been adjudged to be unlawful . . . lack[s] any objectively reasonable expectation of privacy in the premises." *United States v. Curlin*, 638 F.3d 562, 565-66 (7th Cir. 2011). But the prohibition on unreasonable searches is not at issue here as it was in *Curlin*. Rather, McDuffie alleges an unreasonable seizure, which does not implicate his "privacy" expectations in the same way.

6

officers have authority under Illinois law to enforce valid eviction notices, the Court questions whether it was reasonable for Sergeant Loney to act on a document (the order of possession) for which he apparently had no official verification, but merely received from a private individual on the scene. Sergeant Loney did not address these issues in his brief.

Therefore, because McDuffie has plausibly alleged Sergeant Loney's conduct constituted an unreasonable seizure, Sergeant Loney's motion is denied.

## II. Claims against U.S. Bank

McDuffie makes the following allegations against U.S. Bank in his complaint:

> McDuffie argues that U.S. Bank knew the property was in litigation in the Chancery Court and was the subject of a foreclosure action it had initiated; that the Chancery Court has jurisdiction regarding the subject property; and that a motion for possession or to evict was premature as judgment has not been entered; that McDuffie was not a tenant or trespasser; and in any event, only the Chancery Court had jurisdiction and authority to order an eviction relative to the subject property.
> Therefore, when U.S. Bank commenced a cause of action for eviction in the eviction court it was circumventing the procedural process and using the eviction court to fulfill an action it had not jurisdiction to enter [and] to fulfill a purpose U.S. Bank had no right to accomplish.

R. 44 ¶¶ 43-44.

McDuffie argues that these allegations state a claim for the tort of abuse of process under Illinois law. R. 44 at 9. "Under Illinois law, an abuse of process claim requires proof of two elements: (1) existence of an ulterior motive or purpose; and (2) some act in the use of legal process not proper in the regular prosecution of the

7

proceedings." *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 372 (7th Cir. 1998). The "mere institution of proceedings, even with a malicious intent or motive, does not alone constitute abuse of process." *Reed v. Doctor's Assocs., Inc.*, 824 N.E.2d 1198, 1206 (Ill. App. Ct. 5th Dist.). "The test is whether process has been used to accomplish some end which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing that he could not legally and regularly be compelled to do. In other words, the defendant must have intended to use the action to accomplish some result that could not be accomplished through the suit itself." *Id.*

1. *Rooker-Feldamn*

U.S. Bank first argues that McDuffie's claim is barred by the *Rooker-Feldman* doctrine. The Supreme Court has emphasized that the *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005). McDuffie does not argue that a particular state court judgment was wrong, but that U.S. Bank sought a state court judgment for an improper purpose. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014) ("[An abuse of process claim] does not seek to disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment."); *see also Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995) (federal

claim by a state court loser that his opponents attorney "used their political clout to turn the state judges against him," was not barred by Rooker-Feldman but res judicata because he was "seek[ing] to relitigate [the state court] suit that [was] decided against him"; in other words, "not so much attacking as trying to bypass the [state court's] judgment"). Thus, the *Rooker-Feldman* doctrine is inapplicable here.

### 2. Collateral Estoppel & Res Judicata

Additionally, U.S. Bank argues that collateral estoppel precludes McDuffie's claim against it. But collateral estoppel, or issue preclusion, works to "preclude[] plaintiff from relitigating issues by switching adversaries." *Du Page Forklift Serv., Inc. v. Material Handling Servs., Inc.*, 744 N.E.2d 845, 849 (Ill. 2001). Such circumstances are not present here.

Even though U.S. Bank expressly references "collateral estoppel," it cites and applies the standard for "claim preclusion," or res judicata. *See* R. 50 at 8. Res judicata applies when there is an identity of parties, as there is here. Under Illinois law, res judicata applies to bar relitigation of all claims "actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 956 (7th Cir. 1997). An "order of possession" is a "final judgment" under Illinois law. See *derrick family: hawthorne v. Silverleaf Funding, LLC*, 2017 WL 2573213, at *5 n.6 (N.D. Ill. June 14, 2017) ("The state court's . . . orders of possession in the eviction proceeding also qualify as final judgments." (citing *In re DiGregorio*, 458 B.R. 436, 442 (N.D. Ill. Bankr. 2011); *Knolls Condo. Ass'n v. Harms*, 781 N.E.2d

9

261, 263-64 (Ill. 2002)). Furthermore, Illinois courts have held that "claims questioning the plaintiff's motivation for bringing" an eviction action are "germane" to such proceedings and can be brought in those proceedings as affirmative defenses. *See People ex rel. Dep't of Trans. v. Walliser*, 629 N.E.2d 1189, 1194 (Ill. App. Ct. 3d Dist. 1994); *see also Allen v. Irmco Mgmt. Co.*, 2010 WL 2491151, at *3 (N.D. Ill. June 15, 2010). McDuffie could have brought (and possibly might still be able to bring) his abuse of process claim against U.S. Bank in state court. Thus, his claim is barred here by res judicata.[2]

**Conclusion**

For these reasons, Sergeant Loney's motion to dismiss, R. 45, is denied, and U.S. Bank's motion to dismiss, R. 50, is granted. Because the Court dismisses McDuffie's claim against U.S. Bank as barred by res judicata, but state court proceedings continue, it is dismissed without prejudice.

---

[2] Proceedings relevant to possession of the Sangamon house are apparently ongoing, and it is conceivable that McDuffie could bring an abuse of process claim against U.S. Bank in those proceedings. That possibility and the merits of such a claim are now the purview of the state court, and this Court enters no opinion on those issues. But should res judicata not apply here, the Court notes in the alternative that the Court believes that McDuffie has failed to state a claim for abuse of process. As mentioned, McDuffie must allege that U.S. Bank "intended to use the action to accomplish some result that could not be accomplished through the suit itself." *Reed*, 824 N.E.2d at 1206. McDuffie has alleged no such thing. Rather, McDuffie has alleged that U.S. Bank instituted a suit to foreclose on and take possession of property for which it held a mortgage. Then U.S. Bank sought to evict McDuffie and any other individuals residing in the property. McDuffie has failed to allege any "ulterior motive" or attempt to accomplish a result outside the purview of process available to U.S. Bank as a mortgage holder. Therefore, even if McDuffie's abuse of process claim was not barred by res judicata, the Court would dismiss it on the merits.

10

Because the claim against U.S. Bank has been dismissed, and state court proceedings regarding the parties' rights to the Sangamon house continue, the Court declines to exercise jurisdiction over U.S. Bank's counterclaims. *See Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) ("Several factors guide the court's discretion, including 'the scope of the pending state court proceeding' and 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding.' This is an inherently discretionary call for the district court . . . ."). U.S. Bank's motion for summary judgment on those claims, R. 63, is denied as moot, and the counterclaims are dismissed without prejudice.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 6, 2017

11